HARRY A. FINKEL, RELATOR, v. WILLIAM T. KALTEN-
BACH, BUILDING INSPECTOR OF THE CITY OF
ELIZABETH, NEW JERSEY, DEFENDANT.

Submitted November 7, 1925—Decided February 17, 1926.

Zoning—Automobile Rest Rooms and Service Station in Resi-
dence District—Case Within Rule of Ignaciunas v. Risley—
Board of Adjustment Not a Necessary Party to Suit and
Their Opinion That Its Erection Would Create a "Fire
Hazard" is Not a Reason for Refusing Permit.

On application for *mandamus*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Michael H. Feldman*.

For the defendant, *Joseph T. Hague* and *Spaulding Frazer*.

PER CURIAM.

This is a rule directing the building inspector of the city
of Elizabeth to show cause why a writ of *mandamus* should
not issue commanding him to issue a permit to the relator
for the erection of a one-story hollow tile building to be occu-
pied and used as a men's and ladies' rest rooms and gasoline
service station at 1131, 1133, 1135, 1137 Bayway and 484,
486, 488, 490 Rahway avenue, Elizabeth, New Jersey.

The facts are set forth in a stipulation in lieu of testimony
under the rule to show cause herein, and disclose that the
relator in all things complied with the building code of the
city of Elizabeth, and that the sole reason the permit was
refused by the building inspector was because the city of
Elizabeth has adopted a zoning ordinance, under which the
premises of the relator are placed in "Residence District B,"
in which stores are not permitted.

The relator then appealed to the Elizabeth board of zoning
adjustment, which board denied the appeal on the ground

that the erection of a building to be occupied and used as a store, ladies' and men's rest rooms and service station for the sale of automobile gasoline and oil was not permitted by the zoning ordinance, and that in their opinion "this building would create a fire hazard in this locality."

The authority of the defendant to grant or deny a building permit is regulated by the building code of the city of Elizabeth. The defendant concedes that the building, as shown on said application and by the plans, was a *proper structure,* and in all things complied with the rules and regulations of the building department as set forth in said building code, but the said defendant refused to grant said permit on the ground that to do so would be to violate the zoning ordinance of the city of Elizabeth. There being, therefore, nothing before the court to show the building of the character contemplated by the relator to be against the public health, safety or public welfare, the case falls squarely within *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712; *affirmed,* 99 *Id.* 389.

The board of zoning adjustment is not a necessary party, and *mandamus,* not *certiorari,* is the proper remedy in the circumstances of this case. *Lutz* v. *Kaltenbach,* 4 *N. J. Adv. R.* 341.

The mere fact that the board of zoning adjustment, on the hearing of the appeal to it by the relator, denied the application on the same ground as advanced by the defendant, and upon the further ground that in their opinion this building "would create a fire hazard in this locality," constitutes no reason for refusing the permit, as was held in *Williams* v. *Gage,* 3 *N. J. Mis. R.* 1099.

A writ of peremptory *mandamus* will be awarded. If an appeal is desired, an application for an order moulding the pleadings will be entertained.