STATE OF NEW JERSEY, EX REL. SAVITZ-DENBIGH COM-
PANY, A CORPORATION, RELATOR, v. FREDERICK
BIGELOW, SUPERINTENDENT OF BUILDINGS, ETC.,
ET AL., RESPONDENTS.

Submitted May 14, 1926—Decided September 30, 1926.

**Municipalities—Ordinances—Gasoline Stations—Ordinance Ex-
amined and Found Not to be Unreasonable—Provision That
Such Station Should Not be Within Two Hundred Feet of
School, Church, Etc.—Does This Mean Within Two Hundred
Feet of Building in Question or Nearest Point of the Cur-
tilage Upon Which Building is Erected?—Curtilage Within
One Hundred and Five Feet, Nearest Building Thereon Two
Hundred and Sixty-six Feet—Question Not Free From Doubt
and an Alternative Writ Allowed.**

On rule to show cause why writ of *mandamus* should not
issue.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Thomas Brunetto.*

For the respondents, *Jerome T. Congleton* and *Charles M.
Myers.*

PER CURIAM.

Relators desire to erect a gasoline service station on the
northerly corner of Lyons avenue and Willoughby street, in
the city of Newark, and applied to the local authority for a
building permit, which was refused on the ground that the
case was within the prohibition of an ordinance previously
enacted, the pertinent portion of which reads as follows:

"Section 6a. Special regulations relative to garages and
service stations: Under no circumstances shall a permit be
issued for the erection or enlargement of a public or com-
mercial garage, as defined in the fire prevention code of the
city of Newark, or for a motor vehicle service station or for

the conversion of any premises not so used, to be used for such purposes, in any district, whether it be a business district or an industrial district, if any part of the lot or plot in question is situated within a radius of two hundred feet of—

"1. A public school;

"2. A duly-organized school giving regular instruction at least five days a week for eight or more months a year;

"3. A hospital;

"4. A church;

"5. A theatre or opera house or other building used or intended to be used for theatrical or operatic purposes or for public entertainment;

"6. A public library; or

"7. A public art museum."

It is now urged that a writ should go, commanding the allowance of the permit for two reasons—*first,* that the provisions quoted are an unreasonable, and, therefore, unconstitutional, exercise of the police power; and, *secondly,* if this court holds otherwise, yet the present case is not within the terms of the ordinance.

The first point presents no difficulty, especially in view of recent decisions. In *Schait* v. *Senior,* 97 *N. J. L.* 390, an ordinance almost in the exact language of that under examination was considered by this court and held entirely reasonable. The cases of *Wittkop* v. *Garner,* 132 *Atl. Rep.* 339; 4 *N. J. Mis. R.* 234, and *Bauer* v. *Paterson,* 132 *Atl. Rep.* 515; 4 *N. J. Adv. R.* 561, likewise in this court, presented a similar situation on the facts, and the ruling in Schait *v.* Senior was cited and followed. So far as concerns this court, the law is settled that such an ordinance is a reasonable exercise of the police power and will be enforced in the courts.

The other point is more substantial, and raises the question whether the language, "situated within a radius of two hundred feet of [1] a public school," &c., means within a radius of two hundred feet of the building in question, or of the nearest point of the curtilage on which it is erected, whatever the dimensions of such curtilage. Diagonally op-

posite the rear corner of the lot proposed to be utilized for a gasoline station are the grounds and buildings of a church orphan asylum. The tract of land is about seven hundred and thirty feet in front on Lyons avenue, and about seven hundred and eighty feet deep, and all the buildings are set well back from the street and toward the middle of the tract. The nearest corner of the land is one hundred and five and six-tenths feet from the nearest corner of relator's premises; the nearest corner of the nearest building (marked "chapel and home") is two hundred and sixty-six feet; of an out-lying chapel, three hundred and twelve feet; of the "school building," about three hundred and eighty-five feet. The cases just cited give no help on this point, except that in each of them the measurement was to the building, school, church, &c. The "Werts act," relating to sale of intoxicating liquor (*Pamph. L.* 1889, *p.* 77; *Comp. Stat.*, *p.* 2903, *et seq.*), had a similar prohibition, but the language was unmistakable. By section 11 (*Comp. Stat.*, *p.* 2908), "no license shall be granted * * * in any new place within two hundred feet of the *curtilage* of a church edifice, school house or armory, measured between the nearest point of the *same*, and nearest point of the *building* wherein liquors are intended to be sold." That language excludes the outlying curtilage of the liquor shop, and includes that of the church or school.

We incline to think that the present case is not within the ordinance; if not, relators are entitled to their writ; but as the case is not free from doubt, and respondents should have an opportunity of review, an alternative writ will be awarded.