STATE OF NEW JERSEY, EX REL. SAVITZ-DENBIGH COMPANY, A CORPORATION, RELATOR, v. FREDERIC BIGELOW, SUPERINTENDENT OF BUILDINGS OF THE CITY OF NEWARK, AND THE CITY OF NEWARK, RESPONDENTS.

Submitted January 28, 1927—Decided May 16, 1927.

**Building Permits—Motor Vehicle Service Station in Territory Restricted to a Specified Distance From Public School, Church, Etc.—Ordinance Examined and Held, That the Specified Distance as Provided in the Ordinance Does Not Cover the Case in Issue.**

On application for writ of *mandamus.* On demurrer to the return to an alternative writ.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-CHARD.

For the relator, *Thomas Brunetto*.

For the respondents, *Jerome T. Congleton* and *Charles M. Myers* (*William J. Kearns,* of counsel).

PER CURIAM.

Relator desires to erect a motor vehicle service station on the corner of Lyons avenue and Willoughby street, in the city of Newark, and applied to the local authority for a building permit, which was refused on the ground that the case was within the prohibition of an ordinance previously enacted, the pertinent portion of which reads as follows: "Section 6 *a.* Special regulations relative to garage and service stations: Under no circumstances shall a permit be issued for the erection or enlargement of a public commercial garage, as defined in the fire prevention code of the city of Newark, or for a motor vehicle service station or for the conversion of any premises not so used to be used for such purposes, in any district, whether it be a business district or an industrial district, if any part of the lot or plot in question is situated within a radius of two hundred feet of: 1. A public school; 2. A duly-organized school giving regular instruction at least five days a week for eight or more months a year; 3. A hospital; 4. A church; 5. A theatre or opera house or other building used or intended to be used for theatrical °or operatic purposes or for public entertainment; 6. A public library; or 7. A public art museum."

The Supreme Court, on application of the relator, awarded an alternative writ in an opinion reported in 4 *N. J. Mis. R.* 819. We have now a demurrer to the return made to such writ.

No doubt such provision of the ordinance, so far as it goes, is a legitimate exercise of the police power of the municipality. It has been so determined by *Schait* v. *Senior,* 97 *N. J. L.* 390 But there is raised by the pleadings the ques-

tion whether the language of the ordinance "situated within a radius of two hundred feet of (1) a public school," &c., means within a radius of two hundred feet of the building in question, or means the nearest point of the curtilage, and, hence, whether the present case is within the ordinance.

This question is raised because we have the following state of facts: Diagonally opposite the nearest corner of the lot proposed to be utilized for a gasoline station are the grounds and buildings of a church orphan asylum. The tract of land is about seven hundred and thirty feet in front on Lyons avenue, and about seven hundred and eighty feet deep, and all the buildings are set well back from the street, and toward the middle of the tract. The nearest corner of the land is one hundred and five and six-tenths feet from the nearest corner of the relator's premises, while the nearest corner of the nearest building (marked "chapel and home") is two hundred and sixty-six feet; of an outlying chapel, three hundred and twelve feet; of the "school building," about three hundred and eighty-five feet.

We feel constrained to hold that the present case is not within the ordinance, which, being designed to limit the use of property, must be construed strictly.

The result is that a peremptory writ must be awarded.