WILLIAM E. MORGAN, RELATOR, v. BOARD OF COMMISSIONERS OF THE BOROUGH OF COLLINGSWOOD, RESPONDENTS.

Submitted June 2, 1927—Decided December 23, 1927.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Herbert J. Koehler* (*Louis B. Le Duc,* of counsel).

For the respondents, *John A. Penn.*

The opinion of the court was delivered by

TRENCHARD, J. The relator, William E. Morgan, is the lessee of a lot of land in the borough of Collingswood, New Jersey, at the corner of White Horse pike and Dwight avenue.

He desired to erect a gasoline service station upon such property, and on October 29th, 1926, he applied in writing to the borough commissioners for a permit for that purpose. That application, after hearing, was denied by the commissioners. He thereupon obtained a rule to show cause why a writ of *mandamus* should not be issued commanding the board of commissioners of the borough to grant such permit.

We think that he is not entitled to the writ.

Under the police power delegated to municipalities by the "Home Rule act" (*Pamph. L.* 1917, *p.* 319, *et seq.*) in article 14, section 1, paragraph (p), authorizing them, by

ordinance, "to regulate the use, storage, sale and disposal of inflammable and combustible materials, and to provide for the protection of life and property from fire, explosion and other dangers," the borough may, within reasonable limitations, regulate the business of storing and selling gasoline within its boundaries, defining where and how gasoline service stations may be constructed and operated, as by forbidding the erection thereof in certain places. Such power must, however, be exercised reasonably, not arbitrarily, and the regulation or restriction, in order to be valid, must have some substantial tendency to promote or protect the public safety, health or general welfare. *Independent Penna. Oil Co.* v. *Gloucester,* 102 *N. J. L.* 502; *Long* v. *Scott,* 133 *Atl. Rep.* 767; *Bauer* v. *Paterson Fire, &c., Commissioners,* 102 *Id.* 235; *Wittkop* v. *Garner,* 132 *Atl. Rep.* 339. See, also, *Larkin Co.* v. *Schwab,* 242 *N. Y.* 330; 151 *N. E. Rep.* 637.

Avowedly, in pursuance of the power thus conferred, the borough, on August 4th, 1924, enacted an ordinance providing among other things, that "no building or plant shall hereafter be constructed or established in the borough of Collingswood for the use, storage, sale and disposal of inflammable or combustible materials or liquids * * * without securing a permit therefor from the board of commissioners," to be granted or refused "as they deem proper for the protection of life and property from fire, explosions and other dangers arising therefrom," and further providing that "no such buildings or plant shall be erected or established within five hundred feet of any dwelling house."

Now, at the public hearing upon relator's application, held pursuant to the provisions of the ordinance, the board of commissioners found that there were thirty-nine dwelling houses within five hundred feet of the proposed building or plant which the relator sought permission to erect, and this finding is not challenged by the relator. And it further appears that, so finding, the board denied the application for the permit for the reason, among others, that the building proposed would violate the provision of the ordinance that no such plant should be erected within five hundred feet of any dwelling house and would create a fire hazard by reason of its

proximity to dwelling houses and of increased traffic congestion at that point.

If, therefore, the provisions of the ordinance that "no such building or plant shall hereafter be erected or established within five hundred feet of any dwelling house," is a reasonable one, the relator is not entitled to a writ of *mandamus.*

That proposition the relator admits to be sound. But he says that such a regulation is unreasonable.

To that contention we answer that it does not appear to be so.

It was lately pointed out in *A. G. Construction Co.* v. *Scott,* 136 *Atl. Rep.* 207, that the courts recognize the hazard connected with the storage and sale of gasoline at service stations and further recognize the right of the governing body of each municipality to reasonably regulate this class of construction and business and to prohibit it where necessary. See, also, *Hench* v. *City of East Orange,* 130 *Id.* 363; *Ninth Street Improvement Co.* v. *Ocean City,* 90 *N. J. L.* 106; *affirmed,* 91 *Id.* 703.

The question of the reasonableness of an ordinance is a question of fact, and the burden of proof is on those who attack it. The court will not interfere, unless it is clearly shown that the ordinance, either upon the face of its provisions or by reason of its operation in the circumstances under which it is to take effect, is unreasonable. *A. G. Construction Co.* v. *Scott, supra; Independent Penna. Oil Co.* v. *Gloucester, supra; Long* v. *Scott, supra.* See, also, *Larkin Co.* v. *Schwab, supra;* 151 *N. E. Rep.* 637.

Here, the provision of the ordinance in question does not appear to be unreasonable in either aspect.

We have heretofore held that a city ordinance prohibiting the erection of a motor vehicle service station for the storage and sale of gasoline on a lot any part of which is situated within a radius of two hundred feet of any public school, hospital, church, theatre or public library, is valid as a reasonable exercise of the police power. *Savitz-Denbigh Co.* v. *Bigelow,* 134 *Atl. Rep.* 557; *Bauer* v. *Paterson Fire, &c., Commissioners, supra; Wittkop* v. *Garner, supra; Schail* v. *Senior,* 97 *N. J. L.* 390.

In support of his contention that the provision in question is unreasonable, the relator relies upon that line of cases of which *Finkel* v. *Kaltenbach*, 132 *Atl. Rep.* 197; *Williams* v. *Gage*, 130 *Id.* 721, and *Sarg* v. *Hooper*, 128 *Id.* 376, are examples. But those cases are not in point. In those cases the regulations were based upon location alone and were held to be invalid on the ground that they had no relation to public health, safety or general welfare.

A case more nearly in point, if not indeed controlling here, is that of *Independent Penna. Oil Co.* v. *Gloucester, supra*. There the ordinance related to the storage and sale of gasoline and similar inflammable or explosive liquids and prohibited same in any building within the space of one thousand feet of any dwelling house. In that case, Mr. Justice Parker, speaking for the court, said: "To the broad claim here made that it [the ordinance] is not regulatory but prohibitory, and therefore beyond the power conferred by the statute [Home Rule act], we cannot agree. If it provided that no gasoline, &c., should at any time or under any circumstances be stored in the city limits, that would no doubt be prohibitory, but this ordinance is far from saying that. We consider it regulatory, though, of course, very strict in regulation." And after referring to the character of the plant there proposed, and to the surrounding conditions, he added: "We profess ourselves altogether unconvinced that even the one thousand-foot restriction as applied to the business of this prosecutor is an unreasonable one."

In the present case the relator has not shown that the ordinance in question is unreasonable either on the face of the provision in question or in its operation as it applies to him. His application was for the erection of a service station designed for nine gasoline pumps and six oil pumps, with accompanying tanks, at a point where there were at least thirty-nine dwelling houses within five hundred feet of it, and the station so located as to have a tendency to slow up traffic on a highly congested main state highway. In such posture of affairs the provision of the ordinance which prohibited the service station, and the denial of the permit in such circum-

stances, cannot be said by the court to be unreasonable, but on the contrary may well be deemed to be a reasonable exercise of the police power in the interest of public safety. There is no suggestion—not even the slightest—that such regulation will practically forbid the erection of a service station anywhere, within the borough limits, nor that its enforcement will in any wise inconvenience either the residents of the borough or the traveling public who require such service.

We believe that the foregoing observations deal with all of the relator's contentions with respect to the decisive phase of the case discussed, and we wish to be understood as not having considered any other questions.

Since the writ of *mandamus* must be denied the rule to show cause will be discharged with permission to so mould the pleadings as to permit of review if a review is desired.