B. F. HIGGS, COMPLAINANT, APPELLEE, *v.* CITY OF MARTIN *et al.*, DEFENDANTS, APPELLANTS.*

(*Jackson,* April Term, 1932.)

Opinion filed June 18, 1932.

*On validity of public regulations as to garages, see annotation in 40 A. L. R., 341, 355; 5 A. L. R., 375.

MAIDEN, McWHERTER & GALLIMORE, for complainant, appellee.

GEORGE C. ROWLETT, D. W. HARPER, M. H. BIGGS, and J. W. RANKIN, for defendants, appellants.

Mr. Justice McKinney delivered the opinion of the Court.

By the bill complainant asks that two of the ordinances of the City of Martin be declared invalid, because arbitrary, discriminatory and unreasonable. The demurrer to the bill was overruled by the chancellor and a discretionary appeal allowed.

We find it necessary to consider only one of these ordinances, which is as follows:

"AN ORDINANCE TO PROHIBIT THE ESTABLISHMENT, ERECTION OR CONSTRUCTION OF A GASOLINE SERVICE STATION, OR PLACE OF BUSINESS WHERE MOTOR FUELS, MOTOR LUBRICATING OILS, OR MOTOR ACCESSORIES ARE SOLD, WITHIN THREE HUNDRED FEET OF ANY CHURCH, SCHOOL BUILDING OR HOSPITAL BUILDING WITHIN THE CORPORATE LIMITS OF MARTIN, TENNESSEE, AND TO FIX THE PENALTIES FOR THE VIOLATION OF THIS ORDINANCE.

"SECTION I: BE IT ORDAINED BY THE BOARD OF MAYOR AND ALDERMEN OF THE CITY OF MARTIN, TENNESSEE, That, in order that the lives, peace and comfort of the people of the City of Martin may be better protected and in order that the traffic on the streets of said city may be less congested, it is hereby declared to be unlawful for any person, firm or corporation to establish, construct or erect a gasoline service station, or place of business where motor fuels, motor lubricating oils, or motor accessories are sold, within three hundred feet of any church, school building, or

hospital building within the corporate limits of said City of Martin.

"SECTION TWO: BE IT FURTHER ORDAINED, That any person, firm or corporation violating this ordinance shall be fined not less than twenty-five nor more than fifty dollars for each violation of this ordinance.

"SECTION THREE: BE IT FURTHER ORDAINED, That the action of any person, firm or corporation had and done each day shall constitute a separate offense and upon conviction they shall be fined in accordance with Section Two of this Ordinance for each offense.

"SECTION FOUR: BE IT FURTHER ORDAINED, That this Ordinance become effective from and after its passage, the public welfare requiring it."

Complainant alleges that he owns a lot in the City of Martin located 127 feet from the Methodist Church upon which he proposes to construct a filling station, but was denied a permit by the city authorities; that his lot is located in the commercial section of the city, is twice as valuable for a filling station as for any other purpose; and that two or three other filling stations are in operation within the restricted area.

When this cause was heard by the chancellor the opinion of this Court in *McKelley* v. *City of Murfreesboro,* 162 Tenn., 304, had not been published in the official reports, and evidently was not presented to the chancellor. That case decided the questions involved in this suit. The opinion in that case begins as follows:

"The determinative question presented is whether or not the municipality had power under its charter, in the absence of either a local or general legislative act directed to the specific matter involved, to enact and en-

force an ordinance prohibiting the erection and operation of filling stations within a prescribed area.

"The bill also attacked the ordinance as unreasonable on several grounds, in substance, that (1) other commercial enterprises are not excluded, (2) that complainant's lot possesses greater value for commercial purposes than for residential purposes, (3) that the exclusion of complainant's lot from the territory described is arbitrary because other filling stations are located near by, and (4) that there are one or two other filling stations within the prescribed territory, the operation of which is not prohibited.

"The learned Chancellor denied these contentions, holding that the several grounds relied on were directly dealt with and disposed of in the recent case of *Spencer-Sturla Company* v. *Memphis,* 155 Tenn., at pages 87, 91, 92 and 88. In this view we concur."

That case and the Spencer-Sturla case discuss the principles here involved at great length, and it is unnecessary to repeat here what is said in those opinions.

In the following cases the validity of similar ordinances have been sustained: *Savitz-Denbigh Co.* v. *Bigelow* (N. J.), 137 Atl., 439; *Wittkop* v. *Garner* (N. J.), 132 Atl., 339; *Martin* v. *Danville* (Va.), 138 S. E., 629; *Muskogee* v. *Morton* (Okla.), 261 Pac., 183; *People* v. *Ericsson* (Ill.), Ann. Cas. 1915C, 183. In the note following the reported case the annotator says: "Municipal ordinances regulating garages within the city limits appear to have been upheld uniformly as a reasonable and proper exercise of the police power." Citing numerous authorities.

We have been referred by counsel to no cases in which a contrary view is expressed. We are of the opinion, therefore, that the ordinance here involved is valid.

Since complainant comes within the express prohibition of this ordinance, he is not entitled to the relief sought, and the validity of the other ordinance becomes immaterial.

For the reasons stated, the decree of the chancellor will be reversed, the demurrer sustained, and the bill dismissed at the cost of complainant.