EVELYN J. VINE, PROSECUTOR, v. BOARD OF ADJUST-
MENT OF THE VILLAGE OF RIDGEWOOD, VILLAGE
OF RIDGEWOOD, AND MAITLAND B. TERHUNE, SU-
PERINTENDENT OF BUILDINGS OF THE VILLAGE OF
RIDGEWOOD, DEFENDANTS.

Argued May 6, 1947—Decided December 31, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Thomas L. Zimmerman.*

For the defendants, *William E. Reinhardt.*

The opinion of the court was delivered by

HEHER, J. *Certiorari* was granted to review the action of
the local zoning board of adjustment denying leave to prose-
cutor to use her premises at the northeast corner of West
Ridgewood Avenue and Heights Road, in the Village of
Ridgewood, as a "drive-in" motor vehicle filling station, and
also the validity of the provisions of the ordinance restricting
the land against such use.

The original ordinance, enacted in 1931, placed all the West Ridgewood Avenue frontage of the plot in a "local business zone," and a frontage of 91.2 feet on Heights Road in an "apartment zone." The portion of the plot intended to be used as a filling station was zoned for business until 1938, when the ordinance was amended to include the *locus* in a "double dwelling zone" barred to the use in question; and the insistence is that, as respects this site, the amendment is capricious and unreasonable and therefore an unconstitutional invasion of the right of private property. While the amendment was pending, prosecutor sought leave to erect two-story apartment houses upon the parcel; and this court, on *mandamus*, found that such was its "highest use," and that the land was not "marketable for either single or two-family dwellings, nor for business establishments," and the amendment therefore constituted an "arbitrary interference" with the use of the land. *Vine* v. *Zabriskie, 122 N. J. L.* 4. The municipality concedes that the evidence now adduced "supports that conclusion," and that "the situation has not changed," but insists that "the placing" of the land "in a district zoned against gasoline stations was reasonable," and, moreover, that the grant of the permit would run counter to another provision of the ordinance barring the location of such filling stations within 300 feet of the property line of a church. Since the second point is well taken, there is no occasion to consider the first.

Section 10 (c) (2) of the ordinance provides: "No part of any filling station, bus terminal, or public garage accommodating more than five motor vehicles, nor any driveway, entrance, or exit, to or from the same, shall be within 300 feet of any lot line of any plot on which is located any building used as a theater, auditorium, or other place of public assembly seating over one hundred persons, or used as a church, hospital, college, school or institution for dependents or children, or any public playground or athletic field." The proposed structure would be 300 feet from the nearest part of the edifice of the First Church of Christ, Scientist, but substantially less than that distance from the closest boundary line of the church curtilage, measured in a direct line.

Invoking the rule of strict construction, prosecutor suggests that the purpose of this restriction is simply to safeguard the churchgoers against the hazards of sidewalk cross-over vehicular traffic, and the distance measurement should therefore run along the nearest sidewalk route between the two points, and, moreover, that measurement from the line of the curtilage renders the provision arbitrary and unreasonable, and therefore void, for if a given church structure covers but one end of a large plot, the restricted area would be much greater on the one side than on the other, and so the regulation would not apply to all properties uniformly and equally.

But, in the absence of a clear expression *contra,* the restricted area is measurable by a straight line from one point to the other. *Langella* v. *Bayonne,* 134 *N. J. L.* 235. The design of this provision is not alone the avoidance of traffic hazards in the area where pedestrians converge on the place of assemblage, but also the risk of fire and in the case of a church the noises and interruptions that would interfere with worship and the comfort and quiet of the worshippers. *Bauer* v. *Board of Fire and Police Commissioners,* 102 *N. J. L.* 235. While such filling stations are a public necessity, the business is subject to regulation in the exercise of the police power; and the regulation here plainly does not exceed the bounds of reason. *Schait* v. *Senior,* 97 *Id.* 390; *Bauer* v. *Board of Fire and Police Commissioners, supra; Savilz-Denbigh Co.,* v. *Bigelow,* 4 *N. J. Mis. R.* 819; 134 *Atl. Rep.* 557; *affirmed,* 104 *N. J. L.* 445; same case, 5 *N. J. Mis. R.* 533; 137 *Atl. Rep.* 439. It is not arbitrary or unreasonable to provide for the measurement of the prescribed distance from the curtilage rather than from the church edifice. Here, the church plot is approximately 150 feet both in width and in depth; and the church structure covers the greater part of the tract. An ordinance that may operate reasonably in some circumstances, and unreasonably in others, is not void *in toto,* but is enforceable except where in the particular circumstances its operation would be unreasonable and oppressive. *Independent Penna Oil Co.* v. *Gloucester,* 102 *N. J. L.* 502.

Let the writ be dismissed, with costs.