50 N.J. Super. 90 (1958)
141 A.2d 81
ESSO STANDARD OIL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF NORTH BERGEN, EUGENE A. AGRESTA, BUILDING INSPECTOR OF THE TOWNSHIP OF NORTH BERGEN, JOSHUA MUSS, TOWNSHIP ENGINEER AND ANGELO J. SARUBBI, DIRECTOR OF THE DEPARTMENT OF PUBLIC WORKS OF THE TOWNSHIP OF NORTH BERGEN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 28, 1958.
Decided May 1, 1958.
*91 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Martin Tuman argued the cause for appellant (Mr. Cornelius E. Gallagher, attorney).
Mr. Nicholas S. Schloeder argued the cause for defendants.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff appeals from a Chancery Division judgment refusing to restrain defendants from interfering with its erection of a gasoline service station and compelling them to restore the building permit originally issued for that purpose. The action was determined upon a stipulation of facts and exhibits.
Plaintiff had contracted to purchase a parcel of land on Woodcliff Avenue, between Palisade Plaza and Barr Place, North Bergen Township, the contract being made expressly contingent upon the purchaser obtaining the necessary permits and licenses for the erection and use of the premises as a gasoline filling station. At that time, and continuing up to the present, the premises were and are zoned for business *92 use. The township zoning ordinance provisions relating to business zones contain the following:
"SECTION IV  BUSINESS ZONE OR DISTRICT

Business Zone
Par. 1. In a business zone or district, as designated on the `Use District Map,' no premises, building or structure shall hereafter be erected, altered or used for any of the following purposes:

Prohibited Uses

* * * * * * * *
11. A public garage or gasoline service station when located within 200 feet of any property used for:
(a) A public school.
(b) A duly organized school other than a public school conducted for children under 16 years of age and giving regular instructions at least five days a week for eight or more months a year.
(c) A public or private high school.

* * * * * * * *
(e) A church, synagogue or other building used for worship in accordance with any religious rite.

* * * * * * * *
(g) A public library.
* * * * * *" (Italics ours.)
On May 3, 1956 defendant Building Inspector Agresta issued a building permit for the erection of a gasoline filling station on plaintiff's parcel. In reliance upon this permit plaintiff took title to the property, had the necessary plans and specifications prepared, began clearing and grading the land, and was ready to begin erection of the necessary structures. On August 17, 1956 the building inspector notified plaintiff that his office had stopped the construction work because taxpayers in the area were opposed to the station and were taking steps to restrain the anticipated use. Four days later defendant Township Engineer Muss sent plaintiff a formal notice cancelling and nullifying the building permit, noting that its issuance was in violation of the quoted section of the zoning ordinance because the distance between plaintiff's premises and a nearby school was less than the required 200 feet.
Southeast of plaintiff's land, and on Barr Place, stands the Sacred Heart school and church building, admittedly *93 within the protection of the ordinance. A diagram in evidence shows that the church property is composed of lots 28B through 41 in block 423 on the township tax map. The school and church building is located on lots 30, 31 and part of 32; the rest of the property is enclosed by a wire fence and used as a schoolyard. The distance from the nearest point on plaintiff's property to the school edifice is 281.2 feet; from the same point to the nearest point of the school property used as a playground, the distance is 77.53 feet. The schoolyard itself is 220 feet long, extending from the school building in the direction of plaintiff's property. There is a two-leaf, ten-foot-wide, gate leading into the church-school property from Barr Place and located 126 feet from the side of the playground nearest plaintiff's parcel. All these distances are measured in a straight line. Although the ordinance reciting the prohibition against a gasoline service station within 200 feet "of any property used for" a school does not indicate how that distance is to be measured, there is no real dispute that the distance is to be measured in the shortest possible way  along a straight line between nearest points. Langella v. City of Bayonne, 134 N.J.L. 235, 238 (Sup. Ct. 1946).
The trial court found that the plot of land on which the church-school building is erected is used for school purposes and that the language of the ordinance, making the criterion of distance the "property used for" a school or church, was not limited to the building itself, but to any of the property  land or building  which was used and did not appear to be unreasonably excessive for such purposes. It held that the playground was used for school purposes, was a part of the school, and was not in excess of the amount reasonably necessary for school purposes.
Obviously, the purpose of the ordinance is to protect such persons as might be using a church or school against the hazards or dangers which may be regarded as attending the operation of a gasoline service station. See 8 McQuillin, Municipal Corporations (3d ed. rev. 1937), § 25.178, pp. 441 et seq., for the considerations involved in the regulation *94 of gasoline stations  the menace of fire and explosion, hazards to traffic, and dangers to school children being specifically mentioned. Certainly, as suggested by defendants, school-yards are customarily a part of duly authorized schools in New Jersey; they are employed for recreational play, and are often an important part of the physical education program which is mandatory under our school laws. R.S. 18:14-93 et seq. Such uses are clearly within the policy of the ordinance.
Plaintiff relies upon State (Savitz-Denbigh Co.) v. Bigelow, 4 N.J. Misc. 819, 134 A. 557 (Sup. Ct. 1926), affirmed o.b. 104 N.J.L. 445 (E. & A. 1928); Ibid., 5 N.J. Misc. 533, 137 A. 439 (Sup. Ct. 1927), as a key to the interpretation to the ordinance provision before us. There the zoning ordinance prohibited a motor vehicle service station if any part of the lot to be used therefor was "within a radius of two hundred feet of (1) a public school; (2) a duly-organized school giving regular instruction at least five days a week for eight or more months a year; * * * (4) a church * * *." The Supreme Court eventually held (5 N.J. Misc. 533) that relator's proposed station was not within the ordinance which, "being designed to limit the use of property, must be construed strictly," and held that the 200-foot distance was to be measured from the nearest corner of relator's land to the nearest corner of the nearest building. It should first be noted that the Bigelow case arose before the zoning amendment to the 1844 Constitution and was decided at a time when zoning was not favored by the courts. But that aside, the language of the ordinance there considered made no reference to the land upon which the existing public or semi-public building stood; rather, it spoke of the structure itself  the school, hospital, church, theatre, public library, public art museum. Here the language of the ordinance is, within 200 feet of "any property used for" a school, church, etc.
Each case must rest upon the particular language of the zoning ordinance involved. Cf. Vine v. Board of Adjustment of Village of Ridgewood, 136 N.J.L. 416 (Sup. Ct. *95 1947), where the restriction was "within 300 feet of any lot line of any plot on which is located any building used as a * * * church * * * school * * *." The words in the present ordinance, "any property used for," are significant when we consider the manifest purpose of the zoning provision. It is not the school or church building alone which suffers from the nearness of a gasoline station, but those who attend the church, and the children who go to school or play in the schoolyard. We conclude, therefore, that the granting of a permit to plaintiff for the erection of a gasoline service station within 200 feet on a straight line from any portion of the church-school property, including the playground, was illegal.
Plaintiff contends that the permit having been issued without any fraud or deceit on its part, and there having been subsequent reliance on the validity of the permit, the municipality may not now revoke it. We may assume that the permit was issued through honest mistake. There can be no question that plaintiff expended monies in reliance upon the permit; we were informed at oral argument that it paid $16,000 for the land and expended a nominal sum for clearing the property. It also, as noted, had plans and specifications prepared. All or most of the purchase price of the land it bought can be recaptured, but not so the monies expended for clearing the lot and for the plans and specifications. However, our more recent cases hold that reliance upon a permit invalidly issued by a municipality does not create an estoppel. Adler v. Department of Parks and Public Property, Irvington Tp., 20 N.J. Super. 240, 244 (App. Div. 1952), and cases cited; V.F. Zahodiakin Engineering Corp. v. Zoning Board of Adjustment of City of Summit, 8 N.J. 386, 395 (1952); 8 McQuillin, op. cit., § 25.153, pp. 353 et seq. But see Sun Oil Co. v. City of Clifton, 16 N.J. Super. 265, 269 (App. Div. 1951), where reliance was placed on Freeman v. Hague, 106 N.J.L. 137 (E. & A. 1929). Commenting upon Freeman, Judge Francis, speaking for this court in the Adler case, said (20 N.J. Super. at page 243) that the building permit there was *96 granted prior to the adoption of the Zoning Act (L. 1928, c. 274) and "the decision has been repudiated expressly in the later cases arising under the act." And see Meanor, "Zoning Under the Constitution of 1947: Review, Prognostication, and Legislative Proposals," 9 Rutg. L. Rev. 697, 716 (1955), which speaks of the Freeman decision as one that "has been distinguished into disgrace." But see Jantausch v. Borough of Verona, 41 N.J. Super. 89 (Law Div. 1956), affirmed 24 N.J. 326 (1957), where, though holding that the permit had been validly issued, the court discussed the propriety of invoking an estoppel in a case where a permit is issued in good faith upon a debatable interpretation of the zoning laws, and the applicant relied thereon. Without passing upon the validity of the argument there raised, in our view the doctrine of estoppel may not be invoked against defendant municipality in the light of the clear language of the present ordinance and the circumstances of this case.
Affirmed.