CITIZENS HOLDING COMPANY, PROSECUTOR, v. THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, RESPONDENT.

Submitted October term, 1928—Decided January 3, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Benjamin M. Weinberg.*

For the respondent, *Jerome T. Congleton* and *Charles M. Myers.*

PER CURIAM.

The situation presented is that the prosecutor applied to the superintendent of buildings of the city of Newark for a permit to erect a gasoline and oil filling station on lands on the westerly side of Stuyvesant avenue, in Newark. The application was refused on the ground that the district in which such lands were situated was zoned for residences only.

An appeal was taken to the board of adjustment and that body on January 5th, 1928, reversed the ruling of the superintendent of buildings and granted the application for the permit.

On January 12th, 1928, the board of adjustment reconsidered its action of January 5th and denied the application for the permit. It appears that the permit had not been issued after January 5th and before January 12th. It further appears that after the action of January 5th the prosecutor entered into a contract for the construction work, but because of the action of the board of January 12th his contractor had released him from such contract.

It appears that the meeting of January 12th was held at the request of the city commissioners.

An application of this character for a gasoline and oil station on this property had twice before been made and refused. On each of the former occasions one of the city commissioners had appeared before the board and objected to the granting of the permit.

On January 5th he did not appear and object, and one of the members of the board of adjustment who on January 5th voted to grant the permit did so not knowing it was the same property for which twice before a permit had been refused.

The first reason advanced for setting aside this finding is that the board of adjustment having a rule prohibiting the reconsideration of a case within three months after action thereon it could not legally suspend such rule and reconsider its action of January 5th.

Exactly what this rule is does not appear. It may or may not apply to a situation such as that before us.

Prosecutor admits that the board has power to suspend the rule when public necessity demands it and does not urge the reason further than to say that in the present case it was unfair to do so and take interested parties by surprise.

The second and remaining reason urged is that the board had no power to take the action of January 12th in revoking the permit which it had directed to be issued by its action of January 5th.

The insistence of the prosecutor seems to be that the board having once formally acted upon and decided the appeal it is powerless to reconsider such action and rescind its order ex-

cept where such judgment was the result of fraud or deception.

Of the cases cited by prosecutor, *Montefiore Cemetery Co.* v. *Newark,* 3 *N. J. Mis. R.* 1100; *Peerless Oil Co.* v. *Hague,* 4 *Id.* 148, and *Nelson Building Co.* v. *Greene,* 5 *Id.* 331, the property owner in each case had acted under the permit or license and expended moneys in furtherance of the project licensed.

A like situation prevailed in the cases cited in *Montefiore* v. *Newark, supra,* viz., *Hudson Tel. Co.* v. *Jersey City,* 49 *N. J. L.* 303, and *Phillipsburg Electric Co.* v. *Phillipsburg,* 66 *Id.* 505.

We think the cases of *Lantz* v. *Hightstown,* 46 *N. J. L.* 103; *Decker* v. *Board of Excise,* 57 *Id.* 603, and *Vanaman* v. *Adams,* 74 *Id.* 125, are applicable. These were all cases in which it was undertaken to revoke licenses to sell liquor. In the latter of these cases it is held:

"By previous decisions of this court it is held that the licensing body cannot revoke a license after the day upon which it is granted, except for statutory causes * * * or upon the ground of fraud." A statute then existing specifically set forth and therefore limited the grounds for revocation of such licenses. All of these cases hold that if the application for the license was so defective as to strike at the jurisdiction of the board or court granting it the remedy is by review, in the Supreme Court, by *certiorari.*

In the case before us there is no suggestion of fraud practiced by the prosecutor or any other person. The only ground for the reversal of the board's previous action is that, as before stated, one of its members voting to grant the permit testifies that he did not know or recall that it was the same location for which a permit had been twice before denied and did not know that one of the city commissioners still stood opposed to the granting of the permit. This member of the board testified in these proceedings as follows upon the question of why he voted January 5th to grant the application and changed his vote at the January 12th meeting: "Well, it was based upon what I had done previous—that I had voted

against it because it was a residential zone; voted twice against the same thing; and then the third time it was not called to my attention or it was not on the minutes of our board that that same application was denied twice, and that led me to believe it was a new one. There was a difference of a year, I think, between these two." * * * "Well, I had well remembered, because City Commissioner Gillen came before the board and protested against it with objectors and just as that resolution said there, that covered everything I had to say and if I had known the third time it was the same application I would have voted against it instead of voting for it" * * *. "I said when I was called before their board [city commissioners] that the city commissioners are responsible to the people for any action we might take and they came to us on two occasions previously and naturally if I had known that, I would not have voted for it. That was my mistake, which I admit."

This same member, however, had previous to the meeting of January 5th visited the premises with his associates on the board and examined it and its surroundings.

We think the situation is as held in *Lantz* v. *Hightstown, supra,* as follows (at *p.* 107) : "Now I am of opinion that when a license is granted at a session of a body constituted like the common council, and there is no reconsideration of that action during the session, there can be no review of that action at a subsequent meeting, on the ground that the body which granted the license erred upon some question of law or fact, unless the power of revocation is conferred by legislation."

The facts in this case raise a situation distinguishing it from *Freeman* v. *Hague et al.,* 7 *N. J. Mis. R.* 41.

The judgment under review and the proceedings to reconsider the judgment of the board of adjustment of January 5th, 1928, are set aside, with costs.