SALINE FREEMAN, PROSECUTRIX-APPELLANT, v. FRANK HAGUE, JOHN BEGGANS, MICHAEL I. FAGAN, WILLIAM B. QUINN AND ARTHUR PATTERTON, BOARD OF COMMISSIONERS OF THE CITY OF JERSEY CITY, AND EDWARD J. SPOERER, SUPERINTENDENT OF BUILDINGS, DEFENDANTS-RESPONDENTS.

Submitted May 31, 1929—Decided October 14, 1929.

For the appellant, *Richard Doherty*.

For the respondents, *Thomas J. Brogan* and *Frank J. Reardon*.

The opinion of the court was delivered by

KALISCH, J. The prosecutrix-appellant, under an ordinance of Jersey City, entitled "An ordinance to regulate the erection and alteration of all buildings and structures to be used or designed to be used for any purpose other than as residences or for living apartments," on November 26th, 1927, made application to the board of commissioners, as required by the ordinance, for a permit to erect a brick garage for five pleasure cars. On December 13th, 1927, the board of commissioners, through its mayor, granted the appellant's application as follows: "Saline Freeman, to erect one brick garage for five pleasure cars, 50′ x 20′ x 10 feet high, 127 Clerk street, lot 22, block 2011. Present two-story frame garage to be razed." On January 17th, 1928, the superintendent of buildings, acting upon the recommendation granted to the prosecutrix-appellant a permit, which reads as follows: "Application having been made to me by Saline Freeman for permission to erect 1—1-story brick garage, size 50′ x 20′ x 10′ 2″ high; ply slag roof as per plans filed. 127 Clerk street."

At a meeting of the board of commissioners, on April 10th, 1928, the board passed a resolution revoking the permit. The resolution recites, among other things, the following: "Whereas, the investigation of this commission discloses the fact that a permit for the erection of said garage was erroneously granted in violation of an ordinance entitled "An ordinance to regulate the erection and alteration of buildings or structures to be used or designed to be used for any purpose other than as residences or for living apartments," passed June 3d, 1924, and,

"Whereas, said investigation further discloses that said garage, if built, would be in violation of the zoning ordinance of Jersey City, in that said garage would be located within one hundred and fifty feet of a church.

"Resolved, that the permit heretofore issued by the building department of Jersey City for the erection of said garage at Nos. 125-137 Clerk street, and the same is hereby rescinded, and for nothing holden."

The prosecutrix sued out of the Supreme Court a writ of *certiorari* directed to the board of commissioners and the superintendent of buildings for a review of the legal propriety of the action of the board in passing the resolution, revoking the permit.

Testimony was taken in the *certiorari* proceedings and the cause came on to be heard by the Supreme Court, which tribunal gave judgment affirming the action of the board, which judgment is now before us for review.

The Supreme Court practically found that the permit was in violation of the zoning ordinance, in that the proposed garage was to be located within one hundred and fifty feet of a church, and moreover, that the ordinance provided for a public hearing, before a permit may be properly granted, and even though the prosecutrix had expended moneys in the prosecution of the erection of the garage, and had entered into contractual obligations for the building of the same, before the resolution rescinding the ordinance was passed, nevertheless, the board of commissioners had the power to revoke the permit. The Supreme Court in reaching the conclusion that it did, fell into error.

The printed record discloses that there is vacant land which is church property within the designated distance. Counsel of defendants-respondents concede there was and is no church edifice erected upon the land which concessions leaves the reason relied upon by the board of commissioners in the resolution rescinding the building permit in question, namely, that the garage, "if built, would be in violation of the zoning ordinance of Jersey City, in that said garage would be located within one hundred and fifty feet of the church," without any support whatever in law or in fact.

The finding of the Supreme Court, that the permit was granted in violation of the ordinance passed June 3d, 1924, has, according to the testimony taken in the *certiorari* proceedings, and from a fair reading of the ordinance, no support.

On behalf of the defendants-respondents, the witness, Glavin, testified that the only error in granting the permit was the failure to call a public hearing. There is no such requirements to be found in the ordinance. When the witness was asked whether there was an inspection, as required by the ordinance, of the premises, before the granting of the permit, he replied: "*A*. Why, I am not prepared to say definitely, but no doubt there was an inspection."

But even if it be assumed that the board of commissioners had improperly or erroneously recommended the granting of the permit, nevertheless, we are clearly of the view that the board was without lawful power to revoke such permit, after the prosecutrix had acted upon the faith of it, by the expenditure of moneys in the prosecution of the work, and had entered into contractual relations with builders for the erection of the garage, unless it appeared that such permit was obtained by fraud or deceit.

A like situation was presented in *Lehigh Valley Railroad Co.* v. *Board of Commissioners of Jersey City and Edward J. Spoerer,* 7 *N. J. Mis. R.* 154, in which case the Supreme Court held that the prosecutor having proceeded under the permit and expended and obligated itself to spend moneys, it was irrevocable, except for fraud or deception. That case came before this court, on appeal, for review, and was affirmed at the present term.

In case *sub judice,* the prosecutrix-appellant had entered into contracts with builders for the construction of the garages, aggregating in amount to $2,787. At the time the resolution was passed, April 10th, 1928, revoking the permit, the excavation and foundation, at a cost of $612, had already been completed.

There being no testimony tending to show any fraud or deception practiced by the prosecutrix-appellant to obtain

the permit, and it appearing that she had acted upon the faith of such permit in the manner and to the extent as has already been pointed out, the permit became irrevocable, and, hence, the action of the board of commissioners revoking the permit was unwarranted.

The judgment of the Supreme Court, affirming the action of the board of commissioners, is reversed, and the resolution revoking the permit is set aside, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, VAN BUSKIRK, McGLENNON, HETFIELD, JJ. 6.

*For reversal*—PARKER, KALISCH, LLOYD, CASE, BODINE, WHITE, KAYS, DEAR, JJ. 8.