TEOFIE KORNYLAK, PROSECUTOR, v. FRANK HAGUE, ARTHUR POTTERTON, JOHN J. BEGGANS, MICHAEL J. FAGAN, WILLIAM B. QUINN, BOARD OF COMMISSIONERS OF JERSEY CITY, AND EDWARD J. HOLLAND, CITY CLERK OF JERSEY CITY, DEFENDANTS.

Submitted February 1, 1930—Decided June 9, 1930.

Before Justices Trenchard, Lloyd and Case.

For the prosecutor, *Samuel S. Stern* (*William L. Rae,* of counsel).

For the defendants, *Thomas J. Brogan* and *Charles Hershenstein.*

Per Curiam.

The prosecutor of this writ is the owner of premises No. 9 Nunda avenue in Jersey City upon which is erected a two-story frame two-family house, and which was used and is used by him as living quarters for himself and family, and also as a rooming house, accommodating six or seven boarders.

He desired to enlarge the building so as to keep more boarders. He filed a petition with the building department May 11th, 1929, in which petition, in answer to the question as to how the building was to be occupied as altered, he said "dwelling and boarding house."

The application was accompanied by plans prepared by the architect. The application was granted and the permit was issued on May 11th, 1929. The prosecutor commenced work on the property in preparation for the new addition. He demolished a garage in the rear of the house in order to clear the site for the altered building. He borrowed money on a mortgage to finance the work. He paid the appraisal fee to the mortgage company and he also paid a search fee and was granted the mortgage by the mortgage company. His search bill amounted to $125. Then on August 6th, 1929, his permit was revoked by the board of commissioners. But since the owner had expended money upon the faith of the permit in the prosecution of the work permitted, the

board was without power to revoke the permit unless it was obtained by fraud or deceit. *Freeman* v. *Hague, 7 N. J. Adv. R.* 1167. The resolution revoking the permit does not say that it was revoked because of any fraud or deceit. It says that the "alterations are intended to enlarge the premises and extend their present use which is that of a rooming house for men," and, "therefore, in the interest of the public welfare," the permit was revoked. Therein we see no finding or allegation of fraud or deceit. It is now argued, however, that there was fraud. The fraud is said to consist of the concealment of the purpose of the owner to make additional room for boarders. The landowner in the brief frankly states that that was his purpose. The city says that no such purpose was disclosed in the answers made by the landowner on the application blank; but we think that can hardly be said to be so. It seems to us that a fair reading of the answers made by the owner results in the conclusion that his settled purpose was to occupy the house as altered as a dwelling and "boarding house." If that be so, and we think it is, there was no fraud.

The result is that the action of the board in revoking the permit is set aside, with costs.