PHILIP PABST, GUSTAVE PABST AND FRED PABST, IN-
DIVIDUALLY AND CO-PARTNERS TRADING AS PABST
BROTHERS, PROSECUTORS, v. CHARLES FERNER,
BUILDING INSPECTOR OF THE BOROUGH OF NORTH
ARLINGTON, BOROUGH OF NORTH ARLINGTON AND
ALFRED F. BARNARD, DANIEL RENTSCHLER AND
WILLIAM P. MORAN, COMMISSIONERS OF THE BOR-
OUGH OF NORTH ARLINGTON, RESPONDENTS.

Submitted January 31, 1930—Decided August 2, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Klein & Klein* and *Samuel H. Nelson.*

For the respondents, *Charles J. McCarthy* and *Wright, Vander Burgh & McCarthy.*

PER CURIAM.

On April 15th, 1929, Charles Ferner, building inspector of the borough of North Arlington, issued to the prosecutors building permit No. 635B and at the same time issued a permit notice to be attached to the premises. On April 17th Mr. Ferner addressed a communication, received by the prosecutors the following day, attempting to revoke the permit in language following: "I was requested by borough council to revoke your permit No. 635B I issued April 5th, 1929, for store and apartment, said permit was unlawfully issued, as the zoning ordinance was passed by the

borough commissioners on April 9th, 1929. Therefore your permit No. 635B issued for No. 174 Prospect avenue is revoked and permit fee is returned. The revokal is to take effect upon service of this notice." That attempt at revocation is now before us on writ of *certiorari*.

The reasons given by the building inspector in that communication were untruthful. The borough council had not requested the inspector to revoke the permit. A zoning ordinance was not passed by the borough commissioners on April 9th, 1929, had not therefore been passed and, so far as the proofs indicate, has not yet been passed. No ordinance of any character is produced before us, and no argument is based on the proposition that the permit was issued contrary to the provisions of an ordinance. Mr. Ferner, in his testimony, states that the plans submitted by the prosecutors at the time of the issuing of the permit did not comply with the building code; but that code, if there be one, is not before us. After the issuing of the permit, and before the attempted revocation thereof, the respondents, acting upon the faith of it, entered into contractual relations with a house mover and actually began the removal of the buildings on the premises in question to make room for the new construction work. The respondents represent that the plans submitted by the prosecutors were defective and that the building inspector, on issuing the permit, "told them [the prosecutors] to come back the next day with corrected plans because the plans were so bad that nobody could build after them;" that no perfected plans were filed; that on April 9th, 1929, it was decided by the board of commissioners "that the borough attorney be notified to take the initial steps in the creation of zoning ordinances;" and that because the courts have, in certain instances, refused to compel the issuing of building permits pending reasonable opportunity to the municipality to adopt a zoning ordinance, relief ought not to be granted in the present instance.

The rule has been clearly stated by the Court of Errors and Appeals in *Freeman* v. *Hague*, 7 *N. J. Adv. R.* 1167, to the effect that the municipality is without lawful power to

revoke a building permit after those to whom it has been granted have acted upon the faith of it by the expenditure of moneys in the prosecution of the work and have entered into contractual relation with respect thereto, unless the permit was obtained by fraud or deceit. It is not contended in the instant case that there was fraud or deceit. The evidence is persuasive that the contract by which the prosecutors were obligated for the removal of the existing building was a part of the construction enterprise for which the permit was granted; indeed the building inspector states that the reason why he issued the permit was so that the building might be removed.

Our conclusion is that the action of the building inspector undertaking to revoke the permit should be set aside, with costs.