EDWARD HORWITZ, INDIVIDUALLY, AND S. & E. TRAD-
ING COMPANY, A CORPORATION OF NEW JERSEY.
PROSECUTORS, v. ARTHUR H. JONES, MAYOR; JAMES
A. KELLY, WILLIAM WHISTON, WILLIAM SWANTON.
WILLIAM C. CALMAR, HENRY J. PALMER, JOSEPH E.
FROBISHER, WILLIAM H. HOWATT, HARRY M. SHORK-
LEY, MEMBERS OF THE TOWN COUNCIL OF THE
TOWN OF KEARNY; WILLIAM B. ROSS, CLERK OF
THE TOWN OF KEARNY, AND JOHN D. CASTLES,
MUNICIPAL SUPERINTENDENT AND BUILDING IN-
SPECTOR OF THE TOWN OF KEARNY, DEFENDANTS.

Submitted January 27, 1934—Decided March 23, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and HEHER.

For the prosecutors, *Louis Weiss.*

For the defendants, *Arthur B. Archibald.*

PER CURIAM.

The record before us reveals that on August 15th, 1933,
the S. & E. Trading Company, by letter, applied to the gov-
erning body of the town of Kearny, New Jersey, for a permit
to erect a building to be used for storing celluloid scrap. The
letter stated that the building would be fireproof in structure,
equipped with a sprinkler system, and would be located in

the meadow area approximately six hundred feet east of Schuyler avenue in the town of Kearny.

On August 16th, 1933, the applicant was notified that its application was received, read and approved. A permit was later issued and the S. & E. Trading Company proceeded with the building. On September 14th, 1933, the applicant was notified that at a meeting of the governing body, held the previous day, the permission to erect the building was revoked.

A writ of *certiorari* was allowed to review the action of the municipal body in revoking this permit. The return and the depositions taken indicate that the prosecutors of this writ, on August 21st, 1933, filed with the building inspector of the municipality, plans of the building which were approved, and the building permit was issued. Thereafter the prosecutors entered into a building contract with a builder and also contracted for the installation of a sprinkler system and have paid out, on account of these contracts which were under way, the sum of $2,400.

The defendants, in justification of the revocation of the building permit, say that the permit was granted by the governing body because of the representation made by the prosecutors that the building would be located one thousand feet away from Schuyler avenue. This statement is denied by the prosecutors. It is not contended that there was any violation of any building code or zoning ordinance of the municipality. The letter of application, which is in the record before us, is very persuasive that the representation which was made, as to the location of the building, was as therein stated, namely, within approximately six hundred feet of Schuyler avenue.

The only justification for revoking this permit, in view of the fact that the prosecutors relied thereon and changed their position because it was issued to them by the expenditure of money as stated, is that they were guilty of deception and fraud. This case is very similar to and is controlled by the decision of our court of last resort in the case of *Freeman* v. *Hague*, 106 *N. J. L.* 137; 147 *Atl. Rep.* 553.

In the case before us we can find no evidence that would

convict the prosecutors of deceit, misrepresentation or fraud with regard to its application for and its receipt of the permit to erect this structure. The exhibits in the case expressly state the use to which the building is to be put; that it would be fireproof in structure; that it would contain a sprinkler system, and that it would be located in the meadow land designated, approximately six hundred feet away from Schuyler avenue, which is apparently a built-up neighborhood.

It is incumbent upon those who assert fraud to prove it. This the defendants have failed to do. To the contrary, their testimony is vague and uncertain, some of the witnesses, in fact, admitting that the structure is approximately six hundred feet away from the said Schuyler avenue.

We conclude therefore that the resolution of September 13th, 1933, revoking the permit of August 21st, 1933, must be set aside, with costs.