MARY COSTA, RELATOR, v. C. FRED DANDROW, BUILD-
ING INSPECTOR OF THE TOWNSHIP OF TEANECK,
AND TOWNSHIP OF TEANECK. A MUNICIPAL CORPO-
RATION, RESPONDENTS.

Submitted May term, 1934—Decided November 9, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
BODINE.

For the relator, *Vincent M. Rotolo.*

For the respondents, *DeBaun & Westervelt (Warner W.
Westervelt, Jr.,* of counsel).

PER CURIAM.

This case comes before us on return to an alternative writ
of *mandamus* as to why a building permit should not be
issued to the relator to erect a building in the borough of
Teaneck.

The facts have been stipulated, and they are briefly as
follows:

Relator owns a tract of land at the southwest corner of
Queen Anne road and Highwood street in Teaneck, New
Jersey. An old building stood on this plot, and the plan
was to remove it and substitute in its place a two and one-
half-story dwelling with stores on the ground floor, living
apartments above, and a three-car garage in the rear. Queen
Anne road, running north and south, is zoned for business.
Highwood street, running westerly from Queen Anne road,
is a block long and is zoned for residential purposes. The

old building on the tract was removed; plans and specifications were filed with the building inspector showing the intended new structure; and application was made for a building permit which was accompanied by a payment of the requisite fee for such permit. The building inspector declined the issue of the permit and suggested that an appeal be taken to the board of adjustment of the township because the zoning ordinance provided for a setback of fifteen feet on Highwood street.

Therefore, on August 7th, 1931, the property owner filed an appeal with the board of adjustment. Necessary requirements as to notice of such public hearing were observed. The result of the meeting was that the board determined that the "appeal should be allowed" so far as the main building was concerned, but that the garage portion of the structure be set back two feet from the building line on Highwood street.

The contractor, although no permit was issued, excavated the cellar and erected foundation walls. The work was stopped by the building inspector, who directed the contractor to proceed no further until "further objections to the erection of the building had been removed."

On October 16th, 1931, the building inspector made out the permit for the structure in question but did not deliver same because on October 17th an objection was raised to the action of the board of adjustment by various property owners. This resulted in a new application being made on March 16th. 1932, to the board of adjustment, which was in the nature of a rehearing. Proper notice was given, and on April 25th, 1932, a meeting of the board of adjustment was held, to which were invited the members of the town council of the municipality, where the matter was discussed. The members of the town council wanted legal advice on the matter under consideration and this was given by letter at a later date. At any rate, it appears from the stipulation that on June 1st, 1932, the board of adjustment met and confirmed its former action of September 2d, 1931, wherein they determined that "the appeal should be allowed." On June 13th, 1932, the board of adjustment notified the town-

ship manager of its action, and on June 23d, 1932, in reply to that notification, the township manager inquired of the board of adjustment whether he was to understand that the board of adjustment recommended favorably to the council that an exception be made to the zoning ordinance in favor of the relator to the extent that she be permitted to build out to the corner of Highwood street. So far as the record shows, no answer was made to this letter by the board of adjustment.

It is also stipulated that the building inspector has never received any authority or instruction in regard to the issuance of the permit.

In this posture of affairs the fact that the applicant for the permit, the relator here, changed her position and spent money upon the excavation and the building of the foundation walls is of no avail. The cases relied upon, viz., *Freeman* v. *Hague,* 106 *N. J. L.* 137; 147 *Atl. Rep.* 553; *Atlantic Broadcasting Co.* v. *Wayne Township,* 109 *N. J. L.* 442; 162 *Atl. Rep.* 631, are not helpful. The old building was not removed because of any permit issued or promised for a new building by the building inspector. There was no cancellation or rescision of a permit lawfully issued such as to bring the facts in this case within the doctrine laid down by the cases above mentioned. The destruction of the old building and the erection of the new are not stated to have been interdependent. The relator relies upon the provisions of chapter 274. *Pamph. L.* 1928, § 9, *subsections* 3 and 4. Section 9 of the statute embraces the grant of power to, and outlines the jurisdiction of, the board of adjustment. Subsection 3, *supra,* grants the board of adjustment power to authorize upon appeal in specific cases, such variance from the terms of the ordinance as will not be contrary to public interest where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done, &c. Section 4 unquestionably empowers the board of adjustment to *recommend* in writing to the governing body exceptions to the zoning ordinance in specific cases which according to the

statute, the governing body may by resolution approve or disapprove. Now in this matter no recommendations are made by the adjustment board and consequently no duty devolved upon the administrative officer in charge of granting permits to forthwith issue permit for such structure or use. The stipulation shows that the secretary of the adjustment board was instructed to notify the township manager by letter stating their views in this case. Just what the letter stated does not appear from the record. However, the second paragraph of subsection 4 reads as follows:

"In exercising the above mentioned powers, such board of adjustment may, in conformity with the provisions of this act, reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from, and make such order, requirement, decision or determination as ought to be made, and to that end *have all the powers of the administrative officer from whom the appeal is taken.*"

The board of adjustment apparently never issued the permit although under the language of the statute just mentioned it had the power to do so. The alternative *mandamus* in this case is directed to the building inspector of the municipality and the township of Teaneck, the municipal corporation. By paragraph 19 of the stipulation of facts in the state of the case it appears that the building inspector never received any authority or instruction in regard to the issuance of the permit, consequently as to him the writ must fail. As far as the township is concerned, it does not appear from the record that any recommendations were made by the board of adjustment to the governing body of the municipality regarding exceptions to its zoning ordinance, but even if there was such recommendation, under paragraph 9, subsection 4, the governing body would be free to use its own judgment as to whether or not to adopt or reject in whole or in part the recommendations so made. These are the only two parties respondent to this writ. Members of the adjustment board are not joined as parties. The peremptory writ therefore cannot go as to these two respondents.

The application therefore fails and the alternative *mandamus* will be dismissed.