WALTER E. BRONSTON, PROSECUTOR, v. THE INHABIT-
ANTS OF THE CITY OF PLAINFIELD, THE BOARD OF
ADJUSTMENT OF THE INHABITANTS OF THE CITY
OF PLAINFIELD, AND H. EDWIN BUSH, INSPECTOR
OF BUILDINGS OF THE INHABITANTS OF THE CITY
OF PLAINFIELD, RESPONDENTS.

Argued October 5, 1937—Decided November 4, 1937.

140

Before Justices Bodine, Heher and Perskie.

For the prosecutor, *Edward Sachar.*

For the respondents, *William Newcorn.*

Bodine, J.   This writ brings up for review the action of the board of adjustment of the city of Plainfield in sustaining the decision of the inspector of buildings denying to prosecutor a permit to remove a space twenty-five feet in depth from the first floor of his garage building situate at 112-118 East Fourth street, Plainfield, New Jersey, in order to install a drive-in service station and also to review the refusal of the board of adjustment in failing to make any recommendations with reference to the contemplated improvement to the common council.

Plainfield adopted the zoning ordinance in question October 2d, 1933.   Section 3 prohibits in business zones the erection or alteration of buildings arranged or intended or designed to be used for motor vehicle service stations, except as permitted in section 13.   Section 13 provides that the board of adjustment may "recommend in writing to the common council on appeal in specified cases, that a structure or use be allowed in a district restricted against such structure or use where the lands in respect to which such recommendation is made do not abut a district in which such structure or use is authorized by this ordinance, or where such lands are more than one hundred and fifty feet beyond the boundary

line of the district in which such structure or use is allowed by this ordinance. Whereupon, the common council may, by resolution, approve or disapprove such recommendation; and in case such recommendation shall be approved by the common council, then the administrative officer in charge of granting permits shall forthwith issue a permit for such structure or use."

It seems to us unnecessary to consider these provisions of the zoning ordinance. Zoning ordinances are in derogation of the common law. They are restrictions upon the use which the landowner enjoyed at common law to use his property as he pleased, so long as he did not injure his neighbor. The quoted provision, if it precludes the alteration of a garage in a business zone is clearly unreasonable. It is not argued that a special act of the common council could save an otherwise defective ordinance.

Section 7 of the ordinance in question, however, seems controlling in the present situation and it provides as follows:

"Section VII.

"Any non-conforming use existing at the time of the passage of this ordinance may be continued and any existing building designed, arranged, intended or devoted to a non-conforming use, may be reconstructed or structurally altered and the non-conforming use therein changed subject to the following regulations:

"a. The structural alterations made in such building shall in no case exceed fifty per cent. of its assessed value, nor shall the building be enlarged unless the use therein is changed to a conforming use.

"b. No non-conforming use shall be extended at the expense of a conforming use * * *."

This provision of the ordinance contemplates structural alteration and reconstruction of non-conforming use buildings providing the building be not enlarged. But for this provision of the ordinance many valuable properties would cease to be useful to their owners. Modernization of buildings is often necessary in order that proper use may be made thereof.

Prosecutor's building has a frontage of eighty-three feet on East Fourth street and a depth of one hundred and fifty feet. The premises originally consisted of two separate buildings, the foundation wall still running the entire length of the building. For the last twenty years the first floor has been used as a public garage and now is used for parking, greasing, washing and polishing cars as well as for the making of minor repairs. The premises in question are situate in the immediate neighborhood of five other drive-in service stations, one of these being a few hundred feet farther down on East Fourth street and the other four being situate on Cleveland avenue, the next street at right angles to East Fourth street below prosecutor's property.

Adjoining prosecutor's property are several public garages and buildings used for repairing automobile bodies and wrecks. Nearby is a carpenter shop and a building used for light manufacturing. There are plenty of gasoline pumps in the vicinity and few of the properties in the vicinity are used for merchandising goods.

Prosecutor does not seek to enlarge his building or make structural alterations to cost in excess of that allowed under the ordinance. All he seeks is a permit to reconstruct part of the garage building owned by him to the end that he may conveniently service automobiles to the better advantage of his customer.

"Conceding to the municipality an authority to create residence zones and, with reasonable regard for an actually existing status, to shield those areas from the intrusion of commercial structures (*De Vito* v. *Pearsall, &c., Borough of Rumson,* 115 *N. J. L.* 323) nevertheless the municipality could not by a word change the cold facts. It may not arbitrarily and without justification interfere with the legitimate use of private property. *Gabrielson* v. *Glen Ridge,* 13 *N. J. Mis. R.* 142." *Dorsey Motors, Inc.,* v. *Davis,* 13 *Id.* 620, 625.

In this case, as before indicated, it clearly appears that the neighborhood is largely given over to the garage business. To permit one property owner to modernize his property with a drive-in service station and to refuse permission to

another to make like improvements indicates, to say the least, a capricious and wanton disregard of the rights of private property. East Fourth street may be a busy thoroughfare but at the same time the drive-in service station facilitates the service of cars and minimizes the risk of accidents upon the highway. Prosecutor is clearly entitled to continue the use of the premises lawful at the inception of the ordinance and to make such structural changes as will in his judgment facilitate the conduct of such business. *Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; *Campbell* v. *Board of Adjustment, South Plainfield,* 118 *Id.* 116. Clearly the denial of the permit was unreasonable. *Gabrielson* v. *Borough of Glen Ridge,* 13 *N. J. Mis. R.* 142, 147; *Meslar* v. *Township Committee of the Township of Denville,* 14 *Id.* 497; *Felter* v. *The Board of Zoning Adjustment of Glen Rock,* 14 *Id.* 247.

The prosecutor is entitled to his permit and may apply to the court for such other and further relief as may be necessary.