THE LION BUILDING AND LOAN ASSOCIATION OF NEW-
ARK, NEW JERSEY, A NEW JERSEY CORPORATION,
PROSECUTOR, v. THE CITY OF PLAINFIELD, BOARD
OF ADJUSTMENT OF THE CITY OF PLAINFIELD, AND
H. EDWIN BUSH, INSPECTOR OF BUILDINGS OF THE
CITY OF PLAINFIELD, RESPONDENTS.

Argued October 3, 1939—Decided January 16, 1940.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Martin B. Stutsman.*

For the respondents, *William Newcorn.*

BODINE, J.    The writ of *certiorari* in this case brings up
for review the action of the Board of Adjustment of the city
of Plainfield in sustaining the decision of the inspector of
buildings denying the prosecutor a permit to remove thirty
feet from the front of its garage building situate at 106-108
Randolph Road, Plainfield, New Jersey, and for leave to
install in connection therewith a drive-in gasoline station.
He also questions the refusal of the board to make recommen-
dations with reference to the matter to the common council
of the city.

The present building was used for the sale of gasoline and as a public garage long prior to the adoption of the Enabling act (*R. S.* 40:55-30), and prior to the adoption of the zoning ordinance of October 2d, 1933. Part of the property is in the business zone and part in the B residence zone. But as we view the case this circumstance is immaterial.

Section VII of the Plainfield Zoning Ordinance provides as follows: "Non-Conforming Buildings and Uses: Any non-conforming use existing at the time of the passage of this ordinance may be continued, and any existing building designed, arranged, intended or devoted to a non-conforming use, may be reconstructed or structurally altered and the non-conforming use therein changed subject to the following regulations: a. The structural alterations made in such building shall in no case exceed fifty per cent. of its assessed value, nor shall the building be enlarged unless the use therein is changed to a conforming use. b. No non-conforming use shall be extended at the expense of the conforming use."

In a business zone the erection of motor vehicle service station is controlled by section XIII, which is as follows: "The Board of Adjustment is hereby established pursuant to the provisions of Chapter 274 of the Laws of 1929 * * *. Said Board shall in appropriate cases and subject to appropriate conditions and safe guards, make special exception to the terms of this ordinance in harmony with the general purpose and intent, and in accordance with the general or specific rules therein contained, and with the general rules hereby laid down that equity shall be done in cases where the strict construction of the provisions of this ordinance would work undue hardship."

The grant of the permit will not enlarge the use of the land. Nothing more is contemplated save the removal of thirty feet from the front of the building, which will secure a safe and more convenient place for servicing cars.

The right to continue a use lawful in its inception has frequently been recognized in this state. *Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; *Campbell* v. *South Plain-*

*field,* 118 *Id.* 116; *Bronston* v. *Inhabitants of the City of Plainfield,* 119 *Id.* 139.

It is not denied that the cost of the improvement will be less than fifty per cent. of the assessed value. Section VII (a).

The decision of the Board of Adjustment and the inspector of buildings is reversed, with costs.