MAX GREEN, PROSECUTOR, v. THE BOARD OF COMMIS-
SIONERS OF THE CITY OF NEWARK, THE BOARD OF
ADJUSTMENT OF THE CITY OF NEWARK, AND THE
ZONING ENFORCEMENT OFFICER OF THE CITY OF
NEWARK, DEFENDANTS.

Submitted January 18, 1944—Decided March 27, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
COLIE.

For the prosecutor, *A. Nathan Cowen* (*George L. Lom-bardi*, of counsel).

For the defendants, *Philip J. Schotland* (*Joseph A. Ward*, of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE.   A writ of *certiorari* was allowed
to review a resolution of the Board of Adjustment of the
City of Newark denying the prosecutor's application to erect
a building at 31 Lewis Street to be used for a junk business.
To establish the use desired by the applicant a variance of

the provisions of section 8 of the zoning ordinance of the municipality was required. The locality is zoned as a "first industrial" district and the provisions of section 8 of the ordinance ordain that "no building or premises shall be used and no building shall be erected to be used for any of the following specified trades, industries or uses," and in the list of interdicted trades, industries and uses in that zone "junk" business is included.

The prosecutor presently has a one-story building on the rear end of his 25 x 100 foot lot. We gather it is about 25 x 30 feet in area. His purpose is to build a one-story cement structure on the front line of the lot 24' 8" wide by 55' 8" deep which will "connect up" with the present building leaving a "court" or "alley" between them.

Objections to the variance sought were registered at the hearing before the Board of Adjustment by property owners— perhaps a dozen in all—some of whom live on the same block and others who own property occupied by tenants as residences abutting on the street in the rear. After the Board denied the application *certiorari* was allowed and the prosecutor took depositions in aid of his writ. Nothing appears to indicate that notice was given to the objectors. The municipality, however, was notified, appeared by counsel, and called one witness in opposition to the variance. The deposition of this witness disclosed one non-conforming use on Lewis Street which existed prior to the adoption of the zoning ordinance; another non-conforming use, claimed to be such by the prosecutor, which did not appear on the map submitted with his application, and a third on an adjacent street in the district concerning which the witness, who is secretary of the Board of Adjustment, had no exact information as to whether such use, a garage, had been in existence prior to the adoption of the zoning ordinance.

We think this writ of *certiorari* should be dismissed for two reasons—(1) The decision of the Board of Adjustment, after a hearing, is presumably correct especially where, as here, it follows the ordinance (compare *Cook* v. *Board of Adjustment*, 118 *N. J. L.* 372). Unless it can be shown that the decision of the Board was clearly against the weight of

evidence presented in favor of the application for the variation it should stand. The Board's determination did not run counter to the proofs offered. (2) The proposed building for the storage of junk and the general operation of such business would constitute a substantial enlargement of a non-conforming use already in existence. Such expansion of the use is not intended by the statute (*R. S.* 40:55–48) which ordains:

"Any non-conforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied and any such structure may be restored or repaired in the event of partial destruction thereof."

Thus the non-conforming use may be continued but only to the extent of restoring or repairing buildings in which such use existed—nothing more. There is no legal right to its enlargement. *DeVito* v. *Pearsall,* 115 *N. J. L.* 323. The Board of Adjustment may, however, effect variations in appropriate cases. *R. S.* 40:55–39. But the variance must be justified by legal evidence tending to establish facts which are made prerequisites of such exercise of power. *Fonda* v. *O'Donohue,* 109 *N. J. L.* 584.

The Board of Adjustment in rejecting the application of the prosecutor for a variance necessarily found that no good reason was advanced for granting the application. We perceive no abuse of discretion in the finding. It is said in effect by the prosecutor that the Board's refusal to recommend a variance in his favor was arbitrary and capricious and that there were many buildings on the street and in the vicinity devoted to commercial uses in conflict with the provisions of the ordinance. This we cannot concede to be the fact and if it were there is nothing to show that such uses did not exist before the zoning ordinance was adopted. (Compare *Shiaman* v. *The Mayor, &c., of Newark,* 15 *N. J. Mis. R.* 437.)

The writ will be dismissed, with costs.