EDWARD MEIXNER, TRADING AS EDWARD MEIXNER & SONS, PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, AND THE CITY OF NEWARK, A MUNICIPAL CORPORATION, IGNATZ GLUCKSMAN, MAX RUBIN, MARTIN WEISS, JOSEPHINE KOHAUT, JOHN B. NUBERG AND AGNES M. HAUGHEY, DEFENDANTS.

Argued May 2, 1944—Decided June 2, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Slavitt & Slavitt* (*Arthur Slavitt*, of counsel).

For the defendants, *Philip J. Schotland* (*Joseph A. Ward*, of counsel).

The opinion of the court was delivered by

PORTER, J.  The Board of Adjustment of Newark revoked a building permit issued by the superintendent of buildings of the city for alterations of the prosecutor's premises in Newark.  This action is before us for review under a writ of *certiorari*.

It appears that the prosecutor has been engaged in the wood-working business on the premises in question continuously for twenty-two years.  This place of business is located in a "second residential district" under the zoning ordinance of the city.  When the ordinance was adopted, prosecutor's business was the manufacture of bar fixtures.  Latterly he has been manufacturing wooden containers for the United States' Army.  This new line of work apparently required enlarged facilities at the plant.  In any event application was made and granted by the superintendent of buildings for the roofing over of an area, 17 x 53 feet between buildings, which had been used as a driveway, and the erection of doors in front.  The application contained a statement that the driveway was "to remain a dirt floor" and that the alterations were for the purpose of providing a roof over trucks while loading and unloading.  The prosecutor testified that this driveway had previously been used by trucks to gain access to loading

platforms and that manufacturing work had also been done in the open driveway when the weather permitted. Upon obtaining the permit prosecutor did not follow the work prescribed in the application and accompanying plans, but in addition to the erection of the roof and entrance doors he also built a floor three feet above the ground, two small buildings for combustible materials, two ventilating stacks and a large chimney.

An appeal was made to the defendant Board by residents of the neighborhood who complained and later testified that the premises were used since the building changes were made in a manner offensive to them because of noise and smoke coming from the premises, which had not been the case before. It is clear that when the zoning ordinance was adopted, these premises were used for non-conforming uses. The prosecutor was within his rights in continuing such use. He may repair or restore buildings in which such use existed, but he may not enlarge the use. *DeVito* v. *Pearsall,* 115 *N. J. L.* 323; *Green* v. *Board of Commissioners,* 131 *Id.* 336.

*R. S.* 40:55–39 authorizes Boards of Adjustment to permit variances in non-conforming uses in appropriate cases and under special conditions where the variances are not contrary to the public interest. The prosecutor, however, did not avail himself of this remedy, contending that he had not varied nor enlarged the non-conforming use. The proofs are to the contrary. The Board, acting in a judicial capacity, so found; and its determination of facts being supported by evidence is conclusive. *Concord Development Co.* v. *Dowling,* 6 *N. J. Mis. R.* 552. This being a variance, it was necessary under this statute for prosecutor to obtain the recommendation of the Board of Adjustment and the approval of the Board of Commissioners of the city as a prerequisite to the issuance of a building permit. Indeed, it seems that prosecutor did apply for a permit to the zone enforcement officer of the city, who was sent to him by someone in the building department. This officer disapproved the application and testified that he advised the applicant that the matter was for the Board of Adjustment. It does not appear under what circumstances the superintendent of buildings issued the per-

mit. However that may be, we think under the proofs that the issuance of the permit was without lawful authority, because it permitted the enlargement of buildings for a variance or enlarging of a non-conforming use. The issuance of the permit and the alteration of the building under the circumstances gave the prosecutor no vested rights, and those whose rights were adversely affected were not estopped from appealing. *Dickinson* v. *Plainfield,* 13 *N. J. Mis. R.* 260; *Home Fuel Oil Co.* v. *Glen Rock,* 118 *N. J. L.* 340.

The action of the defendant Board in revoking the permit was a proper exercise of its function under the proofs.

The writ will be dismissed, with costs.