ROBERT RUPPRECHT, PROSECUTOR, v. JOHN J. DRANEY, MAGISTRATE, ETC., ET AL., RESPONDENTS.

Submitted May 4, 1948—Decided September 8, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *George I. Marcus* and *Ralph W. Chandless.*

For the respondents, *Donald M. Waesche.*

For the *amicus curiæ, Walter II. Jones.*

The opinion of the court was delivered by

DONGES, J. This writ of *cerliorari* brings up for review the conviction of the prosecutor upon two counts of a complaint charging various violation of the zoning law of the defendant Township of Teaneck. The first count charged a violation of section 3 of the ordinance and the second count a violation of section 17 of the ordinance.

The building of the prosecutor, which was erected and used prior to the adoption of the zoning ordinance as a public garage, which use was discontinued, fronts on Fort Lee Road, Teaneck, and is located for approximately 70 feet of its length in a business district and for the remaining 30 feet in a class "A" residential zone. It was used as a public garage and then as a storage garage until prosecutor commenced in June, 1946, using it as an auto body shop wherein he engaged in the busines of auto body repairs and the painting of automobiles. Such a use is not one authorized in a class "A" residential zone.

The first point raised is that the magistrate was without jurisdiction to convict the prosecutor on the first count of the complaint by reason of a defect in the complaint. The first count charged a violation, "In that contrary to the provisions of Section III of the aforesaid ordinance he did use and has

used since June 12th, 1946, the building and premises known as 237 East Fort Lee Road, Teaneck, New Jersey, which premises are situate in a class 'A' residential zone for a use prohibited in such zone, to wit: an Auto Body Shop, and has therein engaged in the repair and painting of auto bodies."

We think this allegation sufficiently and clearly charges the prosecutor with a violation of the ordinance. "It is sufficient if they set out with clearness the offense charged and the substance of that part of the ordinance which has been violated, with a reference to the title, the date, and section." *Keeler* v. *Milledge*, 24 *N. J. L.* 142. We think the count clearly apprised the prosecutor of the section of the ordinance he allegedly violated, the conduct that constituted the violation and that, the offense being a continuing one, the allegation of time was sufficient. *Cf. Dallas* v. *Atlantic City*, 120 *Id.* 314. *State* v. *Newman*, 98 *Id.* 294. We see no merit in this point.

Point two has to do with the second count of the complaint and again alleges lack of jurisdiction by reason of a defective complaint. This count charges a violation in this language, "In that contrary to the provisions of Section XVII of the aforesaid ordinance he did occupy and use and has since June 12th, 1946, occupied and used the lands and premises known as 237 East Fort Lee Road, Teaneck, New Jersey, for the purpose of carrying on the business of an Auto Body Shop and has therein engaged in the repair and painting of auto bodies without a certificate of occupancy having been issued by the Building Inspector of said township, and in that he has changed and extended the use of and altered the non-conforming use of said premises thereof without a Certificate of Occupancy having first been issued by the Building Inspector that such extension or alteration is in conformance with the provisions of the aforesaid ordinance."

Section XVII requires the issuance of a certificate for the use of any lands other than for dwelling purposes and prohibits any change in a non-conforming use without such a certificate. Admittedly no such certificate was obtained or applied for in this case. The use of the premises as an automobile body repair shop and paint shop was clearly a devia-

tion from the previous non-conforming use as a public or storage garage. We do not think the count above quoted is duplicitous. It charged failure to secure a certificate for use other than for dwelling purposes and also failure to secure a certificate for the extension of a non-conforming use. The prosecutor was properly apprised of the respect in which he was charged and was in a position to make his defense. The fact that the building code ordinance, adopted after the zoning ordinance, also made provision for the issuance of permits makes no difference to the situation here presented. The extension of non-conforming uses is closely restricted. *Midland Park Coal and Lumber Co.* v. *Terhune,* 136 *N. J. L.* 442; *Siebold* v. *Mayfield,* 136 *Id.* 512. In the instant case the prosecutor undertook to use a building located partly in an "A" residential zone for a purpose for which it had never been used before, a use different from the non-conforming use which had existed at the time of the adoption of the zoning ordinance. This he did without seeking a certificate of occupancy and without seeking a variance of the zoning ordinance on the ground of undue hardship, and he did so at his peril.

The factual situation is clear and practically uncontradicted and we think the complaint was sufficient to give the magistrate jurisdiction over the subject-matter.

Point three is that the prosecutor was not convicted of a violation of a non-conforming use. Prosecutor was convicted of the charges made against him namely using a property in a residential zone for a purpose not permitted in such zone by the ordinance and which purpose did not constitute a preexisting non-conforming use such as would be permitted under the law, and using the property without obtaining the required certificate. There is no merit in this point.

The writ of *certiorari* is dismissed, with costs.

Mr. Justice Colie dissents.