10 N.J. Super. 419 (1950)
76 A.2d 842
FELIX RIVERA AND ELIZABETH RIVERA, PLAINTIFFS,
v.
HERBERT R. HUNT, BUILDING INSPECTOR OF THE TOWNSHIP OF MOUNT HOLLY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 16, 1950.
Mr. James M. Davis, Jr., attorney for the plaintiffs.
Mr. Robert W. Criscuolo for the defendant (Messrs. Parker, McCay & Criscuolo, attorneys).
*420 DONGES, A.J.S.C.
This case was commenced by a complaint in lieu of prerogative writ and has been submitted to the court upon a written stipulation of facts.
It appears that in October, 1949, plaintiffs became owners of premises situate at 59 Washington Street in Mount Holly, New Jersey. They desired to convert the frame building from a residential to a business property and to make extensive repairs and structural changes for that purpose. Some time thereafter a building permit was issued and plaintiff engaged contractors to do the work. After the work was commenced and some moneys expended, the defendant, building inspector, wrote plaintiffs' contractor a letter stating in part as follows:
"Until I receive further assurance from you as the building contractor and Mr. Rivera as the owner of the premises that the Building Code will be fully complied with as indicated above, you are hereby notified that permit No. 3 issued on January 11th, 1950, is rescinded and further work on these alterations must stop."
The Building Ordinance of Mount Holly, §§ 6 to 11, defines the fire limits of the municipality and states that within those limits buildings thereafter erected or repaired shall be constructed of non-combustible materials as defined in the ordinance. With one exception, not involved here, the ordinance prohibits the renewal or repair of any building "with any material not fire proof" within the fire limits.
The application did not specify the materials to be used in this work but the applicant certified that "I am acquainted with the `Building Code' of said Mount Holly Township, and that I will, to the best of my ability, assist in the enforcement of such `Building Code.'"
It is important to note that the Building Code also contains the following language:
"If, during the progress of the work, the Building Inspector shall disapprove of the method or mode of any construction, or the materials used, he shall give notice in writing of his disapproval to the contractor and owner and until the same shall be done in conformity with the requirements of the Building Inspector, it shall be unlawful to do or permit to be done any further work in or upon such building or structure."
*421 Plaintiffs cite several cases enunciating the principle that if plaintiffs proceed under a permit and expend and obligate themselves to spend moneys, the permit is irrevocable, except for fraud or deception. See Citizens' Holding Co. v. Board of Adjustment, 144 A. 329 (Sup. Ct. 1929) (not officially reported); Freeman v. Hague, 106 N.J.L. 137, 147 A. 553 (E. & A. 1929); Kornylak v. Hague, 150 A. 669 (E. & A. 1930) (not officially reported); Pabst v. Ferner, 151 A. 368 (Sup. Ct. 1930) (not officially reported); Horwitz v. Jones, 171 A. 552 (Sup. Ct. 1934) (not officially reported). There can, of course, be no quarrel with the law as set forth in these cases. However, I do not feel that these cases are in point.
In each of the cited cases the permit was sought to be revoked by the authorities on the ground that it was issued in violation of an ordinance. Such is not the case here. The defendant has not actually revoked the permit. He has merely enjoined the plaintiffs from proceeding further on the work until he is assured that the work will be done in accordance with the Building Code. It would certainly be an anomalous situation if a building inspector could not require property owners and contractors to build or repair buildings in accordance with an ordinance merely because he authorized the building or the repair. In granting the permit the building inspector authorized the plaintiffs to make the necessary repairs in accordance with the Building Code. Plaintiffs cannot complain of this. Their contractor certified that they would uphold the ordinance. They were on notice that the Code required certain things to be done. If the Building Code is followed, they still will be permitted to complete the desired work.
Therefore, the complaint in this matter will be dismissed.