18 N.J. Super. 193 (1952)
87 A.2d 17
ANTON FRANK, PLAINTIFF-APPELLANT,
v.
MARTIN H. LUTHER AND THE BOARD OF ADJUSTMENT OF THE BOROUGH OF CLOSTER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1952.
Decided March 4, 1952.
*194 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Alfred W. Kiefer argued the cause for the appellant (Messrs. Draesel & Dorfman, attorneys).
Mr. Walter H. Jones argued the cause for the respondents (Mr. Cleary Pelletier, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment entered in the Law Division sustaining the Closter Board of Adjustment's refusal to direct the issuance of a building permit sought by the plaintiff.
The plaintiff is the owner of property located at the southeast corner of Schraalenburgh Road and Old Hook Road within a residence zone. There is a gasoline service station on the premises which has been operated since 1940 as a nonconforming use. It consists of a small building containing 192 square feet, a nearby open grease pit occupying 264 square feet, an open kerosene area immediately in the rear of the building occupying 96 square feet, and an open driving, tank, and pump area occupying 3,587 square feet. The plaintiff proposes to alter his premises, largely by the construction of a new building adjacent to and joining the existing building; this new building would house the present grease pit and would contain 784 square feet. The building inspector refused to grant a permit to the plaintiff on the *195 ground that its construction would be in violation of the zoning ordinance of Closter. The plaintiff appealed to the board of adjustment contending that he had the legal right to make his proposed alteration under section 10 of the Closter zoning ordinance which provides that nothing therein "shall be deemed to prevent the extension of facilities for a nonconforming use to the extent of fifty per cent (50%) of the floor space available at the time of the passage of this ordinance, provided, however, that all regulations contained in this ordinance for front yards, side yards, rear yards, lot coverage and height of buildings for the district in which the premises are located shall be strictly complied with." This contention was rejected first, on appeal to the board of adjustment, and again, on judicial review under Rule 3:81-2 before the Law Division.
Although the premises would still be used as a gasoline service station, it seems clear that the proposed alteration would substantially enlarge or extend the present nonconforming structure and use. See DeVito v. Pearsall, 115 N.J.L. 323 (Sup. Ct. 1935); Pieretti v. Johnson, 132 N.J.L. 576 (Sup. Ct. 1945); Green v. Board of Commissioners of Newark, 131 N.J.L. 336 (Sup. Ct. 1944); Meixner v. Board of Adjustment of Newark, 131 N.J.L. 599 (Sup. Ct. 1944); Monmouth Lumber Company v. Township of Ocean, 9 N.J. 64 (1952). The only existing building on the premises is small and contains but 192 square feet; the proposed new building which would join it would be over four times its size and contain 784 square feet. While R.S. 40:55-48 permits the continuance of nonconforming structures and uses it does not contemplate their enlargement or extension; indeed, recent decisions by our courts have stressed that the spirit of the Zoning Act is to restrict rather than increase nonconforming uses and that authority under R.S. 40:55-39 to vary the application of general zoning restrictions should be sparingly exercised. Lumund v. Board of Adjustment of the Borough of Rutherford, 4 N.J. 577, 585 (1950). In Lane v. Bigelow, 135 *196 N.J.L. 195, 198 (E. & A. 1946) the court pointed out that the spirit of the Zoning Act "must necessarily underlie the zoning ordinance of the city."
In the instant matter the plaintiff never sought a discretionary variance under R.S. 40:55-39 but asserts that section 10 of the Closter ordinance affords him the legal right to erect the proposed new building. Since the parties have assumed the validity of section 10 we shall, solely for present purposes, do likewise. See Bronston v. Plainfield, 119 N.J.L. 139 (Sup. Ct. 1937); Lion B. & L. Ass'n. v. Plainfield, 123 N.J.L. 610 (Sup. Ct. 1940). But cf. R.S. 40:55-48; Speakman v. Mayor and Council of North Plainfield, 8 N.J. 250, 257 (1951). We have, nevertheless, concluded that section 10, properly construed, does not furnish the authority contended for by the plaintiff. The framers of the ordinance undoubtedly contemplated that a nonconforming building could moderately be enlarged by 50 per cent of its "floor space" provided all other requirements relating to height, yards, etc., were complied with strictly. They could hardly have contemplated that a nonconforming building could be enlarged by 50 per cent of the entire land plot owned and used in conjunction therewith; such interpretation would presumably defeat the municipality's comprehensive zoning plan by enabling the ready conversion within its residence districts of any small nonconforming plant or business structure surrounded by a plot used for accessory delivery or parking purposes into a mammoth commercial building within the confines of the land plot. Cf. Bassett, Zoning, p. 109 (1940).
The new building proposed by the plaintiff far exceeds 50 per cent of the "floor space" of the existing building; indeed, it far exceeds 50 per cent of the floor space of the existing building coupled with the nearby ground space of the kerosene area and the grease pit. It is only by including the large open driving, tank, and pump area within his calculations that he obtains colorable compliance with the terms of section 10. In the light of its context and purpose and the *197 underlying statutory policy against extensions of nonconforming uses we are satisfied that section 10 may not properly be construed to permit such inclusion.
Affirmed.