20 N.J. Super. 240 (1952)
89 A.2d 704
ABE ADLER, PLAINTIFF-APPELLANT,
v.
DEPARTMENT OF PARKS AND PUBLIC PROPERTY, TOWN OF IRVINGTON, NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 9, 1952.
Decided June 26, 1952.
*241 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Ellsworth J. Sterner argued the cause for plaintiff-appellant (Messrs. Sterner & Kane, attorneys).
Mr. Matthew Krafte argued the cause for defendant-respondent.
The opinion of the court was delivered by FRANCIS, J.C.C.
Appellant owns the premises located at 102-104 Welland Avenue, Irvington, New Jersey, on which *242 he conducts a wood-working and screen manufacturing business. The location is designated a Residence "B" district under the town zoning ordinance. However, no violation exists because the use is a preexisting nonconforming one.
On January 31, 1951, an application was filed with the superintendent of buildings, in which a permit was sought to build a three-car garage on the premises. On February 1, 1951, the plans were approved and a permit was issued. Construction began almost immediately and inspections were made by the department inspector on at least two occasions in February during the progress thereof.
Apparently it was discovered that the construction was violative of the ordinance and the inspector's report of March 5, which appears on the reverse side of the permit application, notes, "Work stopped pending Zoning Board of Adjustment." On March 30 the building superintendent revoked the permit and so notified Adler. At this time it is undisputed that financial obligations had been incurred and that a substantial part of the project had been completed.
Appellant bowed to the mandate to cease work and then sought a review of the revocation by complaint in lieu of prerogative writ. Following a pretrial conference the matter came on for hearing, at which time a determination was made adverse to him on the basis of the pleadings, pretrial order and certain exhibits. The complaint was dismissed, the trial court holding that the proposed additional garage building constituted an unlawful extension of a preexisting nonconforming use.
On this appeal Adler presents two issues: (1) the permit was a valid one and should not have been revoked; (2) the town was estopped to revoke it because of the financial obligations he had incurred and the advanced state of the building at the time the permit was recalled.
As to the first issue, the claim is that in a Residence "B" zone a three-car garage is permissible as an "accessory use." This argument overlooks the language and intent of the ordinance. It is true that section 5, subsection (1) sanctions *243 as an accessory use in a residence district a garage or group of garages for the storing of three motor vehicles. But section 5 prescribes that in Residence "B" zone a building or premises shall be put only to certain specified uses, and appellant's use does not conform with any one of them. Reading the introductory part of this section in conjunction with subsection (1) the plain intendment is that an accessory use is one which is customarily incident to a use specified for the zone. A nonconforming use is not a specified use and consequently the provision sanctioning and describing an accessory use is not applicable to appellant.
It is the policy of the law to restrict closely uses which do not conform with zoning ordinances; such use may be continued, the buildings may be repaired or restored, but the use cannot be enlarged or extended. Rupprecht v. Draney, 137 N.J.L. 564 (Sup. Ct. 1948), affirmed 1 N.J. 407 (1949); Home Fuel Oil Co. v. Board of Adjustment of Glen Rock, 5 N.J. Super. 63 (App. Div. 1949); Green v. Board of Commissioners of Newark, 131 N.J.L. 336 (Sup. Ct. 1944). Construction of the proposed garage obviously constitutes an enlargement of an unauthorized use and the accessory use provision not being applicable, the superintendent of buildings acted without legal warrant in issuing the permit.
It remains to be considered whether the doctrine of estoppel is invocable to prevent the revocation. The general rule is that the government or its instrumentalities may not be estopped by "acts of its officers or agents in violation of positive law, as by acts in violation of a zoning ordinance, or of fire regulations." 31 C.J.S. 421, Estoppel, sec. 142.
To support the affirmative of the argument reliance is placed almost exclusively upon Freeman v. Hague, 106 N.J.L. 137 (E. & A. 1929). However, the building permit there was granted prior to the adoption of the Zoning Act (L. 1928, c. 274), and the decision has been repudiated expressly in the later cases arising under the act.
*244 In Dickinson v. Plainfield, 13 N.J. Misc. 260 (Sup. Ct. 1935), affirmed 116 N.J.L. 336 (E. & A. 1936), the front part of a building had been designed and used for an automobile show and sales room. The property owners applied for and were granted a permit to make the necessary structural changes to transform it into a service station. After moneys were expended and some alterations made in reliance upon the permit it was rescinded as improperly allowed. When the propriety of this action was attacked, the Supreme Court said:
"It is plain that unless they had some right that could stand up against the provisions of the ordinance, the power to grant permission to make such an alteration lay with the board of adjustment and not with the building inspector."
After concluding that no lawful permit could be issued, the Court went on:
"It is next said by the prosecutors that they acquired vested rights when the building inspector's permit had been issued and acted upon and that it is not within the power of the municipality to limit the rights so acquired, citing Freeman v. Hague, 106 N.J.L. 137, 147 A. 553. That decision bore upon a building permit granted before the passage of the Zoning Act (Pamph. L. 1928, ch. 274), by a duly qualified municipal body. In the present case the permit was issued by an officer who assumed, but did not have, the requisite authority. I do not understand it to be the law that a property owner may obtain from an unauthorized official a permit to do a forbidden act and then, by proceeding quickly with the work, forestall consideration by the lawfully designated tribunal."
See, also, Giordano v. Dumont, 137 N.J.L. 740 (E. & A. 1948); Home Fuel Oil Co. v. Glen Rock, 118 N.J.L. 340 (Sup. Ct. 1937).
Our present Supreme Court likewise ruled against an estoppel in a similar situation. In Zahodiakin Eng. Corp. v. Zoning Board of Adjustment of Summit, 8 N.J. 386 (1952), a variance from a zoning ordinance was granted by a board of adjustment, which was beyond its power and the problem presented here was dealt with in this fashion:
*245 "Thus, for want of jurisdiction of the subject matter, the resolution purporting to authorize the exception was utterly void and subject to collateral attack at any time as well as a direct review within the time prescribed by law. It is a corollary to this that the expenditure of moneys to render the lands suitable for the prohibited use does not operate to validate the void grant. The want of fundamental power cannot be indirectly supplied by the application of the doctrine of estoppel in pais. The elements of estoppel are wanting. The governmental zoning power may not be forfeited by the action of local officers in disregard of the statute and the ordinance. The public has an interest in zoning that cannot thus be set at naught. The plaintiff landowner is presumed to have known of the invalidity of the exception and to have acted at his peril." (Italics ours.)
Neither Pabst v. Ferner, 8 N.J. Misc. 621 (Sup. Ct. 1930), nor Kornylak v. Hague, 8 N.J. Misc. 481 (Sup. Ct. 1930), supports appellant. In both cases the permits appear to have been issued validly and the subsequent attempts at withdrawal were declared improper.
These considerations lead to the conclusion that the trial court was correct in dismissing the complaint and the judgment is therefore affirmed.